IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES CHRISTY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:18-cv-00062 |
| DEBBIE ORTON, MICHAEL ORTON, and RYAN McGILL, | ) ) ) ) ) | JUDGE CAMPBELL |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is pro se plaintiff James Christy's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2.) That application will be granted, but this action will be dismissed for lack of jurisdiction.

**I.    Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). This court has a duty to consider its subject-matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

There are two basic types of jurisdiction: federal-question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal-question jurisdiction under § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted).

He invokes diversity jurisdiction when he presents a claim between parties who are citizens of different states and the value of that claim exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a). The district court is to presume that a cause lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests upon the plaintiff. *Kokkonen*, 511 U.S. at 377.

When a plaintiff fails to establish jurisdiction, the court must dismiss the case without prejudice. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.").

## II. Factual Allegations

Plaintiff names the following as defendants: Debbie Orton, Michael Orton, and Ryan McGill. Plaintiff does not identify them or provide addresses for them, other than to list the towns of Deerfield, Pulaski and Lawrence, Tennessee. The factual allegations in the complaint consist entirely of the following: "They have illegally put R.F.I.D. ear implants in my ears, and also put Google Glass contacts lenses in my eyes." (Doc. No. 1, at 1.) Plaintiff claims that the only reason he knows about the defendants' actions is "because they are telling everyone." (*Id.*) He claims that he has talked to police officers, a banker, and a judge about the problem, but no one will help him. (*Id.* at 2.)

## III. Analysis

In this case, Plaintiff does not articulate the basis for this Court's exercise of jurisdiction over this matter. He does not allege a violation of his federal constitutional rights, cite to any federal statute, or articulate the elements of any cognizable claim arising under federal law or the

2

United States Constitution. The court concludes that Plaintiff fails to establish federal-question jurisdiction over his claims.

Plaintiff likewise does not indicate that diversity of citizenship exists between him and Defendants. Instead, it appears that they are all citizens of Tennessee. The court finds that it lacks diversity jurisdiction over Plaintiff's claims.

Because Plaintiff has failed to establish either federal-question or diversity jurisdiction, this case must be dismissed.

**IV.     Conclusion and Order**

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

However, the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

This is the final order in this action, and the Clerk **SHALL** enter judgment in accordance with Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE